```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

NATE SMITH, ET AL.                                    PLAINTIFFS

VS.                        CIVIL ACTION NO. 3:07-cv-661-WHB-LRA

FRESH CUT FLORAL AND
CATERING, INC., ET AL.                                DEFENDANTS

## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs. The Court, having considered the Motion, Response, attachments to the pleadings, as well as supporting and opposing authorities, finds the Motion should be granted in part, and denied in part.

### I.  Discussion

On November 9, 2007, Plaintiffs filed the above referenced lawsuit in this Court seeking compensation for unpaid overtime under the Fair Labor Standards Act, codified at 29 U.S.C. § 216(b) ("FLSA").[1] On July 1, 2008, the parties informed United States Magistrate Judge Linda R. Anderson that they had reached a settlement as to Plaintiffs' substantive claims. Thereafter, Judge Anderson granted counsel for Plaintiffs twenty days in which to submit an application for attorneys' fees and costs. See Minute

---

[1] As Plaintiffs have alleged a claim arising under federal law, the Court may properly exercise subject matter jurisdiction over this case under 28 U.S.C. § 1331.

Entry of July 1, 2008. On July 21, 2008, Plaintiffs filed a motion seeking attorneys' fees in the amount of $5,850.00, and costs in the amount of $785.00. In response, Defendants do not contest whether Plaintiffs are entitled to recover attorneys' fees or costs, and do not challenge the number of hours expended by their counsel in prosecuting this case. Defendants do, however, challenge the reasonableness of the hourly rate claimed by Plaintiffs' counsel and some of the costs they seek to recover.

The United States Supreme Court has found:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Hensley v. Eckerhart, 461 U.S. 424, 432 (1983). See also Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) ("To determine the [attorneys' fees] award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate.").

In support of their request for attorneys' fees, Plaintiffs have submitted a "Task Description" that provides, *inter alia*, the number of hours expended on the case, the rate at which the work was billed, and a brief description of the work performed. See Pls.' Mot. for Award of Attorneys' Fees and Costs [Docket No. 19],

Ex. A(1).  The "Task Description" evidences that Plaintiffs' counsel spent 19.5 hours working on the case.  Defendants do not challenge the number of hours expended by Plaintiffs' counsel in prosecuting this case and, having reviewed the "Task Description", the Court finds that the number of hours claimed is reasonable.

In support of the $300.00 rate at which the hours were billed, Plaintiffs have submitted the Affidavit of their attorney, Andrew Frisch ("Frisch") detailing his level of experience.  Id., at Ex. A.  According to the Affidavit, Frisch has been practicing law since 2001, has successfully handled hundreds of FLSA cases, and has published two articles and served as a lecturer in the areas of wage, hour, and employment.  Id.  Defendants, in challenging whether the $300.00 hourly rate claimed by Plaintiffs' counsel is reasonable, have submitted the Affidavit of their attorney, Robert O. Waller, who avers that he has been practicing law in the State of Mississippi since 1988; that he customarily bills his clients at the rate of $150.00/hour; and that a reasonable hourly rate for attorneys of his experience in this community is $150.00/hour.  See Resp. [Docket No. 22], Ex. A (Waller Aff.).  Defendants have also submitted the Affidavit of Timothy M. Threadgill, a Jackson attorney, who avers that he has been practicing law in the State of Mississippi since 1991; that he has worked in the area of labor and employment law for over seventeen years; and that based on his experience and knowledge, it is his opinion "that a fair and

3

reasonable rate for an employment litigation attorney who has been in practice for 7 years is approximately $200 per hour for most employment litigation." Id., Ex. B (Threadgill Aff.).

The United States Court of Appeals for the Fifth Circuit has found that the determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there. See e.g. Watkins, 7 F.3d at 458. See also Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) (explaining that "the 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits,'" and "[g]enerally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.") (quoting Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998)).

In the case *sub judice*, Plaintiffs have not submitted any affidavits from local attorneys to show that the $300.00 hourly rate claimed by Frisch is considered reasonable in this community for an attorney with his level of experience. Defendants, however, have submitted affidavits showing that a reasonable hourly rate for attorneys in this community with Frisch's level of experience ranges from $150.00 to $200.00/hour. Having reviewed the pleadings in this case, and based on the experience of the Court regarding the hourly rates charged by attorneys in this community, the Court

finds that a reasonable hourly rate for an attorney of Frisch's experience is $200.00/hour. Multiplying the reasonable number of hours worked in this case (19.5) by the reasonable hourly rate ($200.00), the Court finds that Plaintiffs are entitled to recover attorneys' fees in the amount of $3,900.00. Accordingly, the Court will award Plaintiffs $3,900.00 in attorneys' fees.[2]

Plaintiffs, through their motion, also seek to recover costs in the amount of $785.00, which represent the sums they paid in filing fees ($350.00), service of process fees ($205.00), pro hac vice admission fees ($200.00), and unidentified filing fees ($30.00). Of these costs, Defendants only contest the $200.00 pro hac vice filing fees. Although there is a dispute among courts

---

[2] There is no evidence before the Court to show that the case *sub judice* is one of the "rare" or "exceptional" cases that would warrant an upward adjustment in the award of attorneys' fees. See Pennsylvania v. Delaware Valley Citizens' Council for Clear Air, 478 U.S. 546, 565 (1986) (explaining:

> [W]e specifically held in Blum v. Stenson, 465 U.S. 886 (1984), that the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award. Although upward adjustments of the lodestar figure are still permissible, such modifications are proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts.

(alterations in original) (citations omitted).

regarding whether pro hac vice fees are recoverable under 28 U.S.C. § 1920, the majority of courts have found that they are not.  See e.g. Eagle Insurance Co. v. Johnson, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998) (explaining that under 28 U.S.C. §§ 1920 and 1914, the clerk of the court is authorized to collect and tax two types of fees in civil actions, the $350.00 filing fee and "any additional fees prescribed by the Judicial Conference of the United States."  But, because the pro hac vice fee is not the same as the filing fee authorized by Section 1914, and because pro hac vice fees "are a creature of the courts", which are not authorized by any statute and are not included in the schedule of fees authorized by the Judicial Conference, they are not recoverable as costs); Halliburton Co. v. Ward, Civil Action No. 06-45, 2007 WL 2702214, at *2 (W.D. Ky. Sept. 12, 2007) (finding that pro hac vice fees are not taxable as costs); Cathey v. Sweeney, Civil Action No. CV205-202, 2007 WL 1385657, at *1 (S.D. Ga. May 8, 2007) (finding that "[t]he pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable" under 28 U.S.C. § 1920 or Rule 54 of the Federal Rules of Civil Procedure).  Finding the analyses in the above referenced cases persuasive, the Court finds that Plaintiffs are not entitled to recover the pro hac vice fees paid to the Court.  Accordingly, the Court will not award these fees as costs.

Finally, although not contested by Defendants, the Court finds that Plaintiffs are not entitled to recover the $30.00 unidentified filing fee purportedly paid to the Clerk of Court on November 29, 2007. A review of the docket shows that no pleadings were filed on or about that date that would have required the payment of a separate filing fee, and the Clerk of Court did not docket a $30.00 payment of fees or furnish a receipt for such payment. As there is no evidence that the $30.00 claimed by Plaintiffs was paid to, or received by, the Clerk of Court, the Court finds that Plaintiffs are not entitled to recover the $30.00 unidentified fee purportedly paid to the Court. Accordingly, the Court will not award this fee as costs.

In sum, the Court finds that Plaintiffs, as the successful litigants in this action, are entitled to recover $3,900.00 in attorneys fees, and $555.00 in costs.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Award of Attorneys' Fees and Costs [Docket Nos. 19 & 20] is hereby granted in part, and denied in part:

Plaintiffs are granted attorneys' fees in the amount of $3,900.00.

Plaintiffs are granted costs in the amount of $555.00.

SO ORDERED this the 7th day of October, 2008.

<u>s/ William H. Barbour, Jr.</u>  
UNITED STATES DISTRICT JUDGE